UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11861-GAO

ARESTY INTERNATIONAL LAW FIRM, P.C.,
Plaintiff,

v.

CITIBANK, N.A.,
Defendant.

OPINION AND ORDER
September 29, 2011

O'TOOLE, D.J.

The plaintiff, Aresty International Law Firm, P.C., brings this action against the defendant, Citibank, N.A., alleging in Count I a "violation of 12 C.F.R. § 229.33" and in Count II "negligence." The defendant has moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     Background

On October 30, 2007, the plaintiff law firm deposited a check for $197,750.00 that was drawn on an account of the defendant Citibank into its Interest on Lawyers Trust Account ("IOLTA") maintained at Citizens Bank. The remitter on the check was purportedly a customer of one of the plaintiff's new clients. By November 1, 2007, Citizens Bank had presented the check to Citibank for collection.

On November 2, 2007, the plaintiff instructed Citizens Bank to wire the funds credited to its IOLTA account by virtue of the deposit to a particular destination. However, Citibank refused to honor the check and returned it to Citizens. Count I alleges that Citibank was obliged by the provisions of 12 C.F.R. § 229.33 to notify Citizens of its dishonor of the check within two

business days of its presentation, and for its failure to do so it is liable to the plaintiff for its loss. Count II alleges that the same default was a negligent breach of a duty of care actionable in tort. This suit was commenced on October 29, 2010.

## II.     Standard of Review

Considering a motion to dismiss, a court will "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." S.E.C. v. Tamblone, 597 F.3d 436, 441 (1st Cir. 2010) (internal citation and quotation omitted). "[A] complaint must contain no more than 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 442 (quoting Fed. R. Civ. P. 8(a)(2)). However, it must nonetheless "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.    Discussion

The regulatory provision in question is part of the Federal Reserve's Regulation CC, 12 C.F.R. § 229, adopted pursuant to the Expedited Funds Availability Act, 12 U.S.C. § 4001 et seq. It provides that if "a paying bank determines not to pay a check in the amount of $2,500 or more, it shall provide notice of nonpayment such that the notice is received by the depositary bank by 4:00 p.m. (local time) on the second business day following the banking day on which the check was presented to the paying bank." 12 C.F.R. § 229.33(a). The depository bank is then required to notify the customer of the nonpayment by the next banking day or within a longer reasonable time. Id. § 229.33(d). The statute and regulations provide a private remedy for the careless performance by a bank of the duties imposed. 12 U.S.C. § 4010; 12 C.F.R. § 229.38. Any action

brought under this regulation must be brought within one year after the date of the occurrence of the violation. 12 U.S.C. § 4010(d); 12 C.F.R. § 229.38(g).

The plaintiff acknowledges that it did not bring this action within one year after the occurrence of the violation. However, it contends in its memorandum (<u>not</u> in the Complaint) that the limitation period should be equitably tolled because it did not have knowledge of the defendant's acts in violation of the regulation until after the period had expired. Even in the memorandum, the argument for equitable tolling is brief and summary, and the facts relied on are neither in the Complaint nor reasonably inferable from facts that are alleged. But pleading deficiencies aside, it is apparent that equitable tolling is inappropriate because the plaintiff in fact knew within days of Citibank's dishonor. In a related case pending in this District, the plaintiff has admitted that it was advised that the check had been returned unpaid on November 6, 2007. <u>See</u> <u>RBS Citizens Nat'l Ass'n. v. Aresty & Aresty Int'l Law Firm</u>, No. 09-10116-LTS, (Def.s' Countercl., ¶ 31 (dkt. no. 8, filed March 12, 2009)).  In light of that admission, the application of equitable tolling in this case—even if available, which it is likely not, for the reasons argued by Citibank—is frivolous.

In Count II, the plaintiff next contends that the defendant was negligent in that it failed to exercise ordinary care to comply with 12 C.F.R. § 229.33.[1] In the first place, "[t]he existence of a positive regulation imposing a duty on one actor does not by itself create a similar duty as a matter of state tort common law." <u>Brown v. Bank of Am. Corp.</u>, No. 10-11085-GAO, 2011 WL 1311278, at *4 (D. Mass. March 31, 2011); <u>Sorenson v. H & R Block, Inc.</u>, No. 99-10268-DPW,

---

[1] To the extent the plaintiff attempts to recast in its opposition what is clearly a negligence claim based on a violation of 12 C.F.R. § 229.33 into a Uniform Commercial Code claim, the Court declines to consider the merits of the newly-raised claim. <u>See</u> <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988) (although Rule 8(a)(2) requirements may be minimal, "minimal requirements are not tantamount to nonexistent requirements").

3

2002 WL 31194868, at * 10 (D. Mass. Aug. 27, 2002). More particularly, the duty imposed on Citibank by the relevant regulation was owed to Citizens, not the plaintiff. Citizens, not Citibank, owed a duty to its customer under the regulation.

In any event, a state-law claim that would effectively seek to enforce the duty imposed by the regulation is expressly preempted. Both statute, 12 U.S.C. § 4007(b), and regulation, 12 C.F.R. § 229.41, expressly preempt any state law inconsistent with EFAA and its implementing regulations. Permitting an action for negligence to be brought under general state-law tort principles and within time limits set by state law would expand the remedies possible against banks and thus would be inconsistent with the limitations provided in federal law.

## **IV.** **Conclusion**

For the aforementioned reasons, the defendant's motion to dismiss (dkt. no. 7) is GRANTED, and the action is DISMISSED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge